Clara Eugenia Piper v. Commissioner. E. M. Piper v. Commissioner.
Piper v. Commissioner
Docket Nos. 22556, 22557.
United States Tax Court
1951 Tax Ct. Memo LEXIS 319; 10 T.C.M. (CCH) 179; T.C.M. (RIA) 51055; February 27, 1951
*319 E. M. Piper, for the petitioners. D. Louis Bergeron, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: In these consolidated proceedings respondent determined income tax deficiencies for the calendar year 1945 as follows: Clara Eugenia Piper, $2,202.50, E. M. Piper, $2,202.50. The parties have entered into a stipulation which leaves for decision only the question of whether the Commissioner erred in failing to subtract from gross receipts, as cost of goods sold, the excess over the O.P.A. prices paid by petitioners for automobiles which they sold in their used car business. Other adjustments made by the Commissioner are not contested. The stipulation of facts is adopted as the findings of fact. [The Facts] Petitioners, E. M. and Clara Eugenia Piper, husband and wife, are residents of Dallas, Texas, and in accordance with the community property laws of Texas each filed a separate income tax return for the calendar year 1945 with the collector of internal revenue for the second district of Texas. E. M. Piper, as head of the marital community, is herein referred to as petitioner. For more than thirty years, including January and February, *320 1945, petitioner was in the wholesale used car business, buying used cars from various sources for resale to retail used car dealers in the State of Texas. Petitioner quit operating as a wholesale used car dealer some time in February, 1945, because of O.P.A. regulations and restrictions. Some time in February, 1948, after O.P.A. had been abolished, petitioner returned to his wholesale used car business. The gross receipts of petitioner in 1945 amounted to $110,899.04, which sum was received by him from the sale of automobiles to his customers. He expended in the purchase of these cars the sum of $92,277.46, of which amount $13,992.50 was paid by him in excess of the ceiling prices established and in effect by the O.P.A. law at that time. [Opinion] Respondent contends that, as determined in his letter of deficiency, this sum of $13,992.50 in excess of the O.P.A. prices may not be included by petitioner in computing the cost of the automobiles. This Court has passed upon this question adversely to respondent's contention in , to which holding we adhere. Respondent's action in denying inclusion of this amount in computing the cost to *321 petitioner of the automobiles is reversed. Since other adjustments by the petitioners are not contested, Decisions will be entered under Rule 50.